UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL G., <br><br>        Plaintiff, <br><br>v. <br><br>MONTEREY PENINSULA UNIFIED SCHOOL DISTRICT, <br><br>        Defendant. | Case No. 16-cv-05582-BLF <br><br>**ORDER GRANTING UNOPPOSED MOTION TO APPROVE MINOR'S COMPROMISE** <br><br>[Re: ECF 102] |

Plaintiff Paul G., a conserved adult, by and through his conservator Steve G., petitions the Court for an order approving the proposed settlement entered by Paul G. and Defendant Monterey Peninsula Unified School District. Pl.'s Pet. for Approval of Paul G.'s Compromise ("Pet."), ECF 102. For the reasons stated below, the Court GRANTS the motion.

**I.   BACKGROUND[1]**

Plaintiff Paul G. ("Paul"), by and through his conservator Steve G., filed this action against Defendants Monterey Peninsula Unified School District ("District") and California Department of Education ("CDE"), alleging two causes of action: (1) violations of section 504 of the Federal Rehabilitation Act of 1973 and (2) violations of the Americans with Disabilities Act. Second Am. Compl. ("SAC"), ECF 50.

Paul is a special education student with autism and has been conserved by his parents due to the severity of his needs. SAC ¶¶ 14, 16. Paul's disability impacts him in many areas, including communication, daily living skills, social and emotional functioning, and academic performance. *Id.* ¶ 14. Plaintiff alleges that the District and CDE failed to provide an appropriate education to

---

[1] This section is based on allegations made in the Second Amended Complaint at ECF 50. The Court accepts these allegations as true for the purposes of ruling on this motion.

support Paul during the 2014-2015 and 2015-2016 school years. *Id.* ¶ 65. Paul attended the 2014-2015 school year in the eleventh grade at Marina High School located within the District. *Id.* ¶ 20. According to Plaintiff, the District knew that Paul required an intensive applied behavior analysis ("ABA") program but failed to provide one. *Id.* ¶ 22. Paul was later placed on home hospital instruction when his condition required placement in a residential treatment facility. *Id.* ¶ 30. The District only provided home hospital services for a few weeks then completely stopped. *Id.* ¶ 31. For a few months during the Spring of 2015, Paul received no services from the District. *Id*. When the District finally offered Paul placement in a residential treatment facility, no facility in California would accept him because Paul was over eighteen years old. *Id.* ¶ 39. Accordingly, Plaintiff alleges that the State of California failed to develop policies or procedures to make in-state residential treatment programs available to disabled students at ages eighteen to twenty-two. *Id.* ¶ 43. These actions or inactions injured Paul by causing him physical and emotional harm, by reinforcing and escalating his behavioral issues, and by denying him equal access to educational services. *Id.* ¶ 57, 65.

On September 30, 2016, Plaintiff filed this action against the District and CDE. Compl., ECF 1. The Court granted the CDE's motion to dismiss the first amended complaint ("FAC") at ECF 25 with leave to amend. ECF 46. Paul subsequently filed the SAC. ECF 50. The Court granted CDE's motion to dismiss the SAC, ECF 59, and entered a final judgment as to CDE, ECF 74. On August 13, 2018, Plaintiff filed a notice of appeal of the Court's order dismissing the CDE. ECF 77. On October 1, 2018, the Court granted a stipulation between Plaintiff and the District and stayed all district court proceedings pending the Ninth Circuit's resolution of Plaintiff's appeal. ECF 81. The Ninth Circuit affirmed the Court's dismissal and issued a mandate on November 29, 2019. ECF 88; ECF 91. The Court then lifted the stay of the proceedings. ECF 92. On June 4, 2020, Plaintiff petitioned for the Court's approval of a proposed settlement between Plaintiff and the District. Pet.

**II.   LEGAL STANDARD**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

(9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of a minor's federal claims, a district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff. *Id.* at 1182. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." *Id*.

While the *Robidoux* Court expressly limited its holding to settlement of a minor's federal claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June 16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). California law, which governs the state law causes of action, also requires that a settlement for a minor be approved by the court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.

### III. DISCUSSION

Under the proposed settlement, the District will pay a total amount of $35,000 to Plaintiff's attorney, Ruderman & Knox ("Ruderman"). Pet. ¶ 7(a). Ruderman will issue a check to Paul G. in the amount of $25,000 to be deposited into a special needs trust established by Paul G.'s conservators. *Id.* ¶ 7(b). Ruderman will take $10,000 to satisfy attorneys' fees. *Id*. ¶ 7(c).

Before the settlement, the District provided Paul with almost two years of placement in a residential facility in Kansas. Pet. ¶ 8. Paul was able to return home and participate in an adult transition program until he was exited from special education because of his age. *Id*.

Moreover, the "primary purpose of the Paul G.'s initial complaint was to challenge

California's failure to make available in-state residential treatment services" for students who need special education – which was ultimately unsuccessful.  Pet. ¶¶ 3-4; ECF 73, 88.  The settlement disposes of the remainder of this case "in light of the lack success in litigating his claims against the CDE."  *Id.* ¶ 5.

In light of the facts of the case, the minor's claims against the Defendants, and the settlement of disputes regarding educational harm, the Court finds that the net amount to be distributed is fair and reasonable.  The terms achieve the goal that Paul G. and his conservators had for bringing the lawsuit.  Accordingly, the Court APPROVES the settlement of Paul G.'s claims.

### IV. ORDER

Based on the foregoing, it is hereby ORDERED that:

1. The Court APPROVES the settlement on behalf of the minor as set forth herein.
2. The District is directed to issue a check in the amount of $35,000 to Ruderman & Knox within 60 days of the date of this Order.
3. All future dates and deadlines in this case are VACATED.
4. The parties shall file a stipulation regarding dismissal of this case or a written status report **on or before August 15, 2020**.

**IT IS SO ORDERED.**

Dated: July 7, 2020

BETH LABSON FREEMAN
United States District Judge

4